**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
 5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222
Attorneys for Defendant,
COLLECTO, INC. DBA EOS CCA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER DIAZ, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLLECTO, INC. DBA EOS CCA,<br><br>Defendants. | Case No. 3:15-cv-04833-CRB<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER**

COMES NOW Defendant COLLECTO, INC. DBA EOS CCA (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the First Amended Complaint of Plaintiff WALTER DIAZ ("Plaintiff") by admitting, denying and alleging as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the First Amended Complaint, Defendant admits that Plaintiff claims he brings this First Amended Complaint for alleged damages, injunctive relief, and any other available legal or equitable remedies, resulting from the alleged illegal actions of

{00043229;1}

Collecto in purportedly knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record telephone conversations with Plaintiff without the alleged knowledge or consent of Plaintiff, in alleged violation of California Penal Code § 630 et seq.  Defendant denies it invaded Plaintiff's privacy.  Defendant denies it violated said statute or the law.

  2. Answering Paragraph 2 of the First Amended Complaint, Defendant denies that that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.  Defendant states the remainder of said paragraph constitutes a legal conclusion.

  3. Answering Paragraph 3 of the First Amended Complaint, Defendant denies that that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.  Defendant states the remainder of said paragraph constitutes a legal conclusion.

### JURISDICTION AND VENUE

  4. Answering Paragraph 4 of the First Amended Complaint, Defendant admits that it is incorporated in the state of Massachusetts.  Defendant denies that its principal place of business is in Kentucky.  Defendant asserts that the remainder of the allegations contained therein state a legal conclusion.

  5. Answering Paragraph 5 of the First Amended Complaint, Defendant asserts that the allegations contained therein state a legal conclusion.

{00043229;1}

## PARTIES

6. Answering Paragraph 6 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

7. Answering Paragraph 7 of the First Amended Complaint, Defendant admits it is a corporation whose corporate headquarters is in Massachusetts. Defendant denies its principal place of business is in Kentucky. Defendant asserts that the remainder of the allegations contained therein state a legal conclusion.

## FACTUAL ALLEGATIONS

8. Answering Paragraph 8 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

9. Answering Paragraph 9 of the First Amended Complaint, Defendant asserts that this paragraph states a legal conclusion.

10. Answering Paragraph 10 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

11. Answering Paragraph 11 of the First Amended Complaint, Defendant admits it sent Plaintiff correspondence in 2014. Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein, and on that basis, denies same.

12. Answering Paragraph 12 of the First Amended Complaint, Defendant admits on October 21, 2014 it received an inbound call from someone alleging to be Plaintiff. Defendant admits that this person spoke to a representative named George, who asked for his date of birth,

social security number and name.  Defendant asserts that the remainder of the allegations contained therein set forth a legal conclusion.

13. Answering Paragraph 13 of the First Amended Complaint, Defendant denies that it did not provide an automated recording advisory at the outset of the call and disputes Plaintiff's construction of the term "outset."  Defendant admits it provided live warning approximately a minute and a half into the call.  Defendant asserts that the remainder of the allegations contained therein set forth a legal conclusion.

14. Answering Paragraph 14 of the First Amended Complaint, Defendant admits that on October 23, 2014, it called Plaintiff concerning the alleged debt.  Defendant denies that it did not provide an advisory at the outset of the call and disputes Plaintiff's construction of the term "outset."  Defendant asserts that the remainder of the allegations contained therein set forth a legal conclusion.

15. Answering Paragraph 15 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

16. Answering Paragraph 16 of the First Amended Complaint, Defendant denies each and every allegation.

17. Answering Paragraph 17 of the First Amended Complaint, Defendant denies each and every allegation.

18. Answering Paragraph 18 of the First Amended Complaint, Defendant denies each and every allegation.

19. Answering Paragraph 19 of the First Amended Complaint, Defendant denies it does not inform or warn the California residents, including Plaintiff, that the telephone calls may

be or will be recorded. Defendant denies that there was no pre-call recorded message on inbound calls. Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein, and on that basis, denies same.

20. Answering Paragraph 20 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

21. Answering Paragraph 21 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

22. Answering Paragraph 22 of the First Amended Complaint, Defendant denies each and every allegation.

23. Answering Paragraph 23 of the First Amended Complaint, Defendant denies each and every allegation.

24. Answering Paragraph 24 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

## CLASS ALLEGATIONS

25. Answering Paragraph 25 of the First Amended Complaint, Defendant admits that Plaintiff claims to bring this action on behalf of himself and on behalf of all others similarly situated ("the Class"). Defendant denies that he has a viable class.

26. Answering Paragraph 26 of the First Amended Complaint, Defendant denies each and every allegation.

27. Answering Paragraph 27 of the First Amended Complaint, Defendant admits that Plaintiff states Defendant and its employees or agents are excluded from the Class.  Defendant denies the remainder of the allegations in said paragraph.

28. Answering Paragraph 28 of the First Amended Complaint, Defendant denies each and every allegation.

29. Answering Paragraph 29 of the First Amended Complaint, Defendant admits that Plaintiff asserts this suit seeks only damages injunctive relief for recovery of economic injury on behalf of the class and it is expressly not intended to request any recovery for personal injury and claims related thereto.  Defendant denies that Plaintiff has a viable class.

30. Answering Paragraph 30 of the First Amended Complaint, Defendant denies each and every allegation.

31. Answering Paragraph 31 of the First Amended Complaint, and subparagraphs (a)-(f) thereto, Defendant denies each and every allegation.

32. Answering Paragraph 32 of the First Amended Complaint, Defendant denies each and every allegation.

33. Answering Paragraph 33 of the First Amended Complaint, Defendant denies each and every allegation.

34. Answering Paragraph 32 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

35. Answering Paragraph 35 of the First Amended Complaint, Defendant denies each and every allegation.

{00043229;1}

36. Answering Paragraph 36 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

37. Answering Paragraph 37 of the First Amended Complaint, Defendant denies each and every allegation.

38. Answering Paragraph 38 of the First Amended Complaint, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION

39. Answering Paragraph 39 of the First Amended Complaint, Defendant incorporates Paragraphs 1-38 by reference herein.

40. Answering Paragraph 40 of the First Amended Complaint, Defendant asserts this paragraph states a legal conclusion.

41. Answering Paragraph 41 of the First Amended Complaint, Defendant asserts this paragraph states a legal conclusion.

42. Answering Paragraph 42 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

43. Answering Paragraph 43 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

44. Answering Paragraph 44 of the First Amended Complaint, Defendant denies each and every allegation.

45.     Answering Paragraph 45 of the First Amended Complaint, Defendant denies each and every allegation.

46.     Answering Paragraph 46 of the First Amended Complaint, Defendant denies each and every allegation.

47.     Answering Paragraph 47 of the First Amended Complaint, Defendant denies each and every allegation.

48.     Answering Paragraph 48 of the First Amended Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

49.     Answering Paragraph 49 of the First Amended Complaint, Defendant incorporates Paragraphs 1-48 by reference herein.

50.     Answering Paragraph 50 of the First Amended Complaint, Defendant asserts this paragraph states a legal conclusion.

51.     Answering Paragraph 51 of the First Amended Complaint, Defendant asserts this paragraph states a legal conclusion.

52.     Answering Paragraph 52 of the First Amended Complaint, Defendant asserts this paragraph states a legal conclusion.

53.     Answering Paragraph 53 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

54.     Answering Paragraph 54 of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

55. Answering Paragraph 55 of the First Amended Complaint, Defendant denies each and every allegation.

56. Answering Paragraph 56 of the First Amended Complaint, Defendant denies each and every allegation.

57. Answering Paragraph 57 of the First Amended Complaint, Defendant denies each and every allegation.

## **PRAYER FOR RELIEF**

58. Answering Paragraph 58 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

59. Answering Paragraph 59 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

60. Answering Paragraph 60 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

61. Answering Paragraph 61 of the First Amended Complaint omplaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

62. Answering Paragraph 62 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

63. Answering Paragraph 63 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

64. Answering Paragraph 64 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

65. Answering Paragraph 65 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

66. Answering Paragraph 66 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

67. Answering Paragraph 67 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

68. Answering Paragraph 68 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

69. Answering Paragraph 69 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

70. Answering Paragraph 70 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

71. Answering Paragraph 71 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

72. Answering Paragraph 72 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

73. Answering Paragraph 73 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

74. Answering Paragraph 74 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

75. Answering Paragraph 75 of the First Amended Complaint, Defendant denies that Plaintiff is entitled to the relief in his prayer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. Plaintiff's First Amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant is informed and believes and based thereon alleges that Plaintiff's First Amended Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Compliance with Statutes)**

3. As a separate, affirmative defense to the First Amended Complaint, and each, purported claim for relief therein, Defendant's alleged practices are not unlawful in that Defendant has fully or substantially complied with all applicable statutes and regulations.

### FOURTH AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

4. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the First Amended Complaint.

{00043229;1}

## FIFTH AFFIRMATIVE DEFENSE

### (Not a Proper Class Action)

5. As a separate, affirmative defense to the First Amended Complaint, Defendant alleges that this action is not appropriately brought or maintained as a class action on the grounds Plaintiff cannot satisfy the prerequisites of Fed. R. Civ. P. 23.

## SIXTH AFFIRMATIVE DEFENSE

### (Arbitration)

6. As a separate, affirmative defense, Defendant reserves its right to compel arbitration.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

7. As a separate, affirmative defense, the First Amended Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

8. Any damages that Plaintiff or the putative class may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

## NINTH AFFIRMATIVE DEFENSE

**(632 Limited to Landlines)**

9. As a separate affirmative defense, Defendant asserts the legislative history demonstrates that Penal Code 632 was intended to only apply to calls to landlines and Penal Code 632.7 to apply to cell phones.

## TENTH AFFIRMATIVE DEFENSE

**(Consent)**

10. Plaintiff and the putative class members expressly and implicitly consented to all of the acts or omissions of Defendant alleged in Plaintiff's First Amended Complaint, including but not limited to written account application agreements along with the corresponding terms and conditions for Defendant's accounts, oral express consent provided in telephone conversations with Plaintiff and the putative class members, implied consent provided based upon the circumstances, knowledge, history and/or prior communications which gave prior notice to Plaintiff and putative class members of Defendant's telecommunications policies and practices. Defendant asserts this affirmative defense in an abundance of caution, but maintains that the lack of consent is an element of Plaintiff and putative class members' claims under the Privacy Act.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Service-Observing Calls Exempted)**

11. Plaintiff and the putative class members' claims are barred as service-observing calls are not subject to California Penal Code section 632.7 or 632. Defendant asserts this affirmative defense in an abundance of caution, but maintains that Plaintiff and putative class members' bear the burden of establishing the alleged calls were not service-observing calls.

## TWEFLTH AFFIRMATIVE DEFENSE

### (Absence of Calls Received or Intercepted)

12. California Penal Code section 632.7 applies only to third-parties that receive or intercept calls and record them, it does not apply to first-party monitoring and recording of calls. Defendant asserts this affirmative defense in an abundance of caution, but maintains that Plaintiff and putative class members' bear the burden of establishing the alleged calls were received or intercepted.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague)

13. The California Penal Code section 632 and 632.7 are unconstitutionally vague.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

14. Plaintiff and the putative class members claims are barred or limited to the extent the claims alleged in Plaintiff's First Amended Complaint have been released.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

15. The imposition of aggregated fines in a class action context constitute an unconstitutional penalty.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

16. As a separate affirmative defense, Defendant asserts that its call to Plaintiff's alleged cell phone number was made based on a mistake of fact, or culpable negligence, and therefore was excused pursuant to Penal Code 26.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's First Amended Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

## JURY TRIAL DEMAND

Defendant requests a trial by jury.

**CARLSON & MESSER LLP**

Dated:  January 20, 2016            By:  s/David J. Kaminski
                                         David J. Kaminski
                                         Stephen A. Watkins
                                         Attorneys for Defendant,
                                         COLLECTO, INC. DBA EOS CCA

{00043229;1}