Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER DIAZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTO, INC. DBA EOS CCA,<br><br>Defendants. | Case No. 3:15-cv-04833<br><br>JOINT DISCOVERY PLAN<br>PURSUANT TO F.R.C.P. 26(F)<br><br>HON. CHARLES R. BREYER<br>DATE:  FEBRUARY 12, 2016<br>TIME:  8:30 A.M.<br>CTRM: 6 |

Plaintiff WALTER DIAZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED ("Plaintiff") and Defendant COLLECTO, INC. ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

1.   <u>S</u>TATEMENT OF THE CASE

**Plaintiff**: This class action lawsuit concerns Defendant's secret recording of telephone calls with the Plaintiff and California residents, thereby invading their privacy, and violating California's Penal Code §§ 632 and 632.7 et seq.  In 1967, the California Legislature enacted the California Invasion of Privacy Act in response to advances in science that led to the development of new devices and techniques used to eavesdrop upon private communications, resulting in an invasion of privacy that poses a serious threat to the free exercise of personal liberties that cannot be tolerated in a free and civilized society. Such an invasion of privacy is deemed so serious that statutory fines of $5,000 per violation of this statute, located in California's Penal Code, may be award to the victims of unlawful monitoring and/or recording of confidential communications without their consent, in a private civil action.

Plaintiff alleges that Defendant's policy and practice is to record the conversations it has with consumers, but fail to adequately disclose that said conversations are being recorded, at the outset of those calls.  The calls generally are made for purposes of collecting debts, and necessarily discuss confidential information, including names, social security numbers, and other personal identifying information, as well as financial matters.  The California Supreme Court has stated it is plausible that California residents have an objectively reasonable expectation that their private telephone conversations will not be recorded without at least a call recording advisement given at the outset of their calls, since California residents are accustomed to such common and wide-spread practice among companies that do business in California.

<u>Defendant:</u>

Defendant denies that Plaintiff and/or his putative class was recorded without consent, as it has an automated recording warning for inbound calls.

Defendant asserts that the October 21, 2014 inbound call to Defendant was subject to the automated inbound recording warning.  Such an inbound recording warning argues against an objectively reasonable expectation that calls with Defendant are not overheard or recorded ("confidential") and established implied consent to recording further calls.  Defendant asserts that the October 23, 2014 phone call to Plaintiff was not to a cell phone and therefore Plaintiff lacks standing to assert a 632.7 class based on this call.

2.    SUBJECT MATTER JURISDICTION

This Court has Diversity jurisdiction under 28 U.S.C. § 1332.

3.    LEGAL ISSUES

Plaintiff: Plaintiff anticipates that the following legal issues will be resolved by the Court, among others:

i.  Whether Defendant recorded telephone conversations between its representatives and California Class members without their knowledge;

ii.  Whether Defendant obtained consent from all parties to recorded telephone conversations between its representatives and California Class members;

iii. Whether Defendant's conduct violated California's Invasion of Privacy Laws (i.e., Cal. Pen. Code § 632.7) and Constitutional Right to Privacy (Cal. Const., Article I, § I);

iv. Whether Defendant's conduct was negligent;

v.  What is the nature and extent of damages and other remedies to which the conduct of Defendant entitles the California Class members; and

vi. Whether a class action may be certified in this case.

Defendant:

Including the legal issues set forth above, other legal issues include:

vii.    How far into a conversation is considered the "outset" of a

conversation

**viii.**   Whether California's IPA is unconstitutionally vague.

**ix.**   Whether the individualized inquiries presented by Collecto's inbound automated warning and live outbound recording warning render Plaintiff's class uncertifiable.

**x.** Whether Plaintiff has typicality and adequacy to assert an outbound call class under 632.7 based on an outbound call to a landline.

**xi.** Whether Plaintiff has typicality and adequacy to assert an outbound call class under 632.7 based on an inbound call.

**xii.**   Whether Plaintiff's putative classes are ascertainable

**xiii.**   Whether any alleged lack of recording warning to a class member is subject to a defense of mistake of fact pursuant to *Penal Code* 26(3) or defense of no evil design, intention, or culpable negligence pursuant to *Penal Code* 26(5).

**xiv.**   Whether Plaintiff has pleaded a sufficient invasion privacy to trigger an IPA claim.

4.   A MENDMENT OF P LEADINGS AND A DDITIONAL PARTIES

At this time, the Parties do not anticipate amending the pleadings, or adding any parties to this action.

5.   D AMAGES

Plaintiff:  Plaintiff argues that statutory damages for violation of California's Invasion of Privacy Act, according to Cal. Pen. Code § 637.2, may be awarded on a per violation basis, as indicated by California Supreme Court authority (of $5000 per violation), and in keeping with the significant purpose of the statute to protect the important privacy rights of Californians, without the need to prove actual damages.

1   Defendant:

2      Defendant denies that Plaintiff is entitled to damages.

3   6.   INSURANCE

4      Plaintiff: None.

5      Defendant: Plaintiff's claim may be subject to insurance.   Currently

6   investigating applicable policy.

7   7.   MOTIONS

8      Plaintiff: Plaintiff contemplates filing a motion for class certification, at the

9   appropriate time, and after Plaintiff has had a reasonable opportunity to conduct

10  discovery.   Plaintiff anticipates filing his motion seeking class certification in

11  October 2016.

12     Defendant: Defendant requests the following briefing schedule for any motion

13  for class certification: four weeks for Opposition and two weeks for a reply.

14     Defendant also intends to file a motion for judgment on the pleadings as to

15  Plaintiff's class claims as they are unconstitutionally vague (*See People v.*

16  *Melongo*, 2014 IL 114852, 6 N.E.3d 120 (similar Illinois statute invalidated)) and

17  that on the grounds he does not allege sufficient invasion of privacy for his class.

18  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1042 (N.D. Cal. 2014) ("In sum,

19  because Plaintiffs do not plead sufficient facts to allege an invasion of privacy,

20  Yahoo's Motion to Dismiss Plaintiffs' claims for a violation of Article I, Section 1

21  of the California Constitution is GRANTED. However, the Court grants leave to

22  amend because Plaintiffs may be able to plead specific email content in specific

23  emails that may suffice to state the elements of the claim.")

24     Defendant also intends to file a motion for summary judgment.

25  8.   MANUAL FOR COMPLEX LITIGATION

26     The parties believe that this is not a complex case as it does not involve

27  "complex legal issues, multiple parties, difficult legal questions or unusual proof

28

problems." Fed. R. Civ. Proc. 16(c) (2)(L).  Therefore, the Manual for Complex Litigation should not be utilized in this case.

9.   STATUS OF DISCOVERY

Plaintiff has drafted written discovery and will be serving it in advance of the Scheduling conference.  Defendant requests that class discovery be stayed pending a decision on its motion for judgment on the pleadings.

10.   DISCOVERY PLAN

Plaintiff: Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains their records:

1. Any and all scripts used by Defendant's employees when speaking with putative class members;

2. Documentation regarding Defendant's outbound and outbound dial list, or other call records evidencing the inbound and outbound calls made between class members and Defendant;

3. Documentation regarding Defendant's policies and procedures for inbound and outbound calls; and,

4. A sampling of recordings of phone calls between Defendant and putative class members;

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.

Defendant:

1.   Defendant will be seeking documents showing that whether Plaintiff's phone number(s) at issue are either cell phones or landline phone numbers and call records

2.      Defendant will be taking Plaintiff's deposition with respect to his knowledge of call recording practices of businesses.

11.   DISCOVERY CUT-OFF

Plaintiff: Plaintiff requests that a discovery cut-off be set by this Honorable Court, *after* Plaintiff's Motion for Class Certification has been fully briefed and ruled upon.  As a second option, Plaintiff has provided proposed discovery cut-off dates in the timetable below, if the Court would prefer to set such deadlines at this juncture.

Defendant:  Defendant asserts that class discovery at this early juncture is disproportionate compared to likely benefit pursuant to Fed. R. Civ. P. 26(b)(1). Defendant intends to file a motion for judgment on the pleadings as to Plaintiff's class claims as they are unconstitutionally vague.

12.   EXPERT DISCOVERY

Plaintiff: Plaintiff anticipates designating expert witnesses in order to support his claims. If this matter is certified as a class action, Plaintiff may require additional expert testimony and, thus, further expert discovery. Plaintiff believes that the deadline for expert designations should be set after the Court rules on Plaintiff's Motion for Class Certification.   Plaintiff has provided proposed discovery cut-off dates in the timetable below, if the Court would prefer to set such deadlines at this juncture.

Defendant:  Defendant does not oppose setting an expert deadline  after the Court rules on Plaintiff's Motion for Class Certification

13.   DISCOVERY OF ELECTRONICALLY MAINTAINED INFORMATION

Plaintiff: Plaintiff believes Defendant possess electronic evidence of the outbound and inbound call logs, evidencing calls made between Defendant and Plaintiff and the Class, as well as recordings thereof. Plaintiff will demand the production of such records in their native electronically maintained format. Further, Plaintiff will be requesting a sample of recordings of phone calls between

Defendant and Class Members, which may be maintained electronically. Plaintiff is not aware of and *specific* electronically-stored information, but reserves the right to demand the production of such information in a form and method that is feasible for both parties, in the future.

If Plaintiff's need for any such information becomes apparent, Plaintiff will meet and confer with Defendant, to determine what form and method of production is feasible for both parties.

Defendant: Defendant objects to this burdensome class discovery as it is disproportionate likely benefit pursuant to Fed. R. Civ. P. 26(b)(1). Defendant intends to file a motion to dismiss Plaintiff's class claims as they are unconstitutionally vague.

14. SETTLEMENT

Plaintiff requests private mediation pursuant to Local Rule 16-15.4. Defendant requests settlement before the magistrate judge.

15. TRIAL ESTIMATE

Plaintiff believes that the length of trial will take anywhere from 7 to 10 days, perhaps longer, depending on the number of putative class members involved and the extent of documentary evidence that may be produced by Defendant.

Defendant estimates a 3-5 day trial:

16. TRIAL COUNSEL

Plaintiff: Plaintiff will be represented by Todd M. Friedman and Adrian R. Bacon at trial.

Defendant: Defendant will be represented by David J. Kaminski and Stephen A. Watkins.

17. INDEPENDENT EXPERT OR MASTER

The parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

18.   TIMETABLE

| Matter | Plaintiffs' Request | Defendant's Request |
|---|---|---|
| Deadline to Amend Pleadings | April 11, 2016 | April 11, 2016 |
| Non-Dispositive Motion Cut-Off | February 6, 2017 | February 6, 2017 |
| Class Certification Filing Deadline | October 2016 | October 2016 |
| Initial Expert Disclosure | October 31, 2016 | October 31, 2016 |
| Rebuttal Expert Disclosure | November 21, 2016 | November 21, 2016 |
| Non-Expert Discovery Cut-off | December 5, 2016 | December 5, 2016 |
| Expert Discovery Cut-Off | December 19, 2016 | December 19, 2016 |
| Settlement Conference Completion Date | October 2016 | October 2016 |
| Motions in Limine Filing Deadline | March 13, 2017 | March 13, 2017 |
| Deadline to File Dispositive Motions | January 23, 2017 | January 23, 2017 |
| Pretrial Conference | March 3, 2017 | March 3, 2017 |
| Trial (Est. days) | March 20, 2017 | March 20, 2017 |

19.   OTHER ISSUES

Plaintiff:  Plaintiff anticipates that issues relating to claims of privilege may arise given the highly sensitive nature of the matter including the potential

disclosure of communications Defendant had with its customers. Plaintiff anticipates a potential entry of an appropriate stipulated protective order, which will include a provision for the "claw-back" of inadvertently produced privileged materials. Plaintiff is agreeable to submitting a stipulated protective order for the Court's review and approval, where necessary.

Given the nature of the case, Plaintiff is aware of his obligation to preserve relevant evidence, such as Defendant's recordings with its customers during the relevant time periods, including electronically stored information (ESI), and should be taking steps to comply with his obligations.

Defendant:  Defendant will submit a proposed protective order to Plaintiff.

20.   PATENT CASES

Not applicable

21.   MAGISTRATE JUDGE

The parties do not consent to have a Magistrate Judge preside over all the proceedings in this case.

Dated**:** February 9, 2016          **Law Offices of Todd M. Friedman, P.C.**

By:  _/s/ Todd M. Friedman_____
      Todd M. Friedman, Esq.
      Adrian R. Bacon, Esq.
      Attorneys for Plaintiff

Dated**:** February 9, 2016          **Carlson & Messer, LLP**

By:  _/s/ Stephen Watkins_____
      Stephen Watkins, Esq.
      Attorneys for Defendant

1

2

Signature Certification

3

4    Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative

5    Policies and Procedures Manual, I hereby certify that the content of this document

6    is acceptable to Stephen Watkins, counsel for Defendant and that I have obtained

7    Mr. Watkins' authorization to affix his electronic signature to this document.

8    Dated**:** February 9, 2016          **Law Offices of Todd M. Friedman, P.C.**

9

10                                By:  /s/ Todd M. Friedman____
                                        Todd M. Friedman, Esq.

11                                      Adrian R. Bacon, Esq.
                                        Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Filed electronically on this 9th day of February 2016, with:

United States District Court CM/ECF system

Notification sent electronically on this 7th day of November, 2014, to:

Honorable Judge Charles R. Breyer
United States District Court
Northern District of California

David J. Kaminski, Esq.
Stephen A. Watkins, Esq
Carlson & Messer LLP
Attorneys for Defendant

s/Tod M. Friedman

Todd M. Friedman