IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WALTER DIAZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>COLLECTO, INC. DBA EOS CCA,<br><br>    Defendant. | No. C 15-4833 CRB<br><br>**ORDER GRANTING MOTION FOR SANCTIONS** |

Plaintiff Walter Diaz moves for sanctions against counsel for Defendant Collecto, Inc. pursuant to 28 U.S.C. § 1927. See Mot. (dkt. 38). The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), GRANTS the motion, and VACATES the hearing currently set for August 12, 2016.[1]

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A party seeking the imposition of sanctions pursuant to section 1927 has the burden of demonstrating "bad faith," which means either frivolity combined with recklessness or

---

[1] Although due process requires that the Court provide an attorney subject to discipline with notice and an opportunity to be heard, "an opportunity to be heard" does not require an oral or evidentiary hearing. See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000).

intentional harassment. See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002) (defining bad faith); Morris v. Wachovia Secs., Inc., 448 F.3d 268, 284 (4th Cir. 2006) (regarding burden). Here, the Court finds that Defendant's motion for judgment on the pleadings was both frivolous and reckless.[2]

For the reasons stated in Plaintiff's opposition to the motion for judgment on the pleadings, see Opp'n to MJOP (dkt. 29), for the reasons Plaintiff argued (and the Court adopted) at the hearing on the motion for judgment on the pleadings, see Tr. of 5/6/2016, and for the reasons Plaintiff advances in support of the current motion for sanctions, see Mot; Reply (dkt. 40), Defendant's motion for judgment on the pleadings was both frivolous and filed recklessly. Defendant argued that California's Invasion of Privacy Act ("IPA") was unconstitutional as applied because Plaintiff had no reasonable expectation of privacy in his phone conversations with Defendant, a collecting agency. See MJOP (dkt. 27). at 2–3. This argument was absurd, as it defied California case law interpreting the IPA, see Flanagan v. Flanagan, 27 Cal. 4th 766, 776–77 (2002) (explaining that the IPA "protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation"); Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 118 n.10 (2006) (recognizing that consumers have a reasonable expectation that their calls will be kept private unless they are warned that the call will be recorded), and because it relied on inapplicable out-of-circuit law, see MJOP at 3 (discussing People v. Clark, 379 Ill. Dec. 77, 6 N.E. 3d 154, 162 (Ill. 2014); People v. Melongo, 379 Ill. Dec. 43, 6 N.E. 3d 120 (Ill. 2014), both of which concerned a far broader eavesdropping statute). Defendant actually argued that "because the Defendant could lawfully write a record of Plaintiff's statements about his debt, the Plaintiff's theory that he can recover . . . for an audio-recording of those statements is

---

[2] Indeed, the Court already held that the motion for judgment on the pleadings was frivolous: "I found your motion to be absolutely frivolous. . . . the logic makes no sense at all. . . . I find it inappropriate, it's wrong as a matter of law, and certainly I don't understand it as a matter of strategy. . . . I do really find that it's a frivolous motion, absolutely frivolous. . . And furthermore, I don't know how this case will play out, but certainly if it does involve attorneys' fees, I find that the fees spent by plaintiff's counsel in defense of this, though I haven't seen the amounts, would certainly be appropriate. So I think you are in the process of escalating a dispute that will lead to monetary costs for your clients." See Tr. of 5/6/2016 (dkt. 35) at 6.

2

1 unconstitutional." Id. at 1; see also Tr. of 5/6/2016 at 3–4. As the Court pointed out at the
2 motion hearing, "that would be true . . . for every communication on the telephone that you
3 have with anybody." Tr. of 5/6/2016 at 4.

4     The Court further finds that Plaintiff's fee request is reasonable. See Matter of
5 Yagman, 796 F.2d 1165, 1185 (9th Cir. 1986) (fees must be reasonable); Webb v. Board of
6 Educ., 471 U.S. 234, 242 (1985) (party seeking fee award has burden of submitting evidence
7 in support of hours and rates claimed); 28 U.S.C. § 1927.[3] Plaintiff seek $12,461.20, which
8 represents one counsel's fees for reviewing the motion for judgment on the pleadings,
9 researching and drafting the opposition brief, reviewing the reply brief, discussing the case
10 with colleagues, preparing for the hearing, traveling to and attending the hearing, as well as
11 costs associated with that counsel's travel expenses. See Bacon Decl. (dkt. 38-2) ¶¶ 19–21.
12 Although more than one counsel worked on the matter, Plaintiff does not seek reimbursement
13 for additional counsel's work. Id. ¶ 21; Mot. at 9. Plaintiff would also be entitled to fees for
14 the time spent seeking fees in the current motion, see Edgerly v. City & Cnty. of San
15 Francisco, No. C 03-2169 WHA, 2005 WL 235710, at *2 (N.D. Cal. Feb. 1, 2005), but does
16 not seek such fees, Mot. at 9. Counsel details his experience prosecuting consumer cases,
17 describes other consumer class actions in which he and his firm are involved, and asserts that
18 courts have previously awarded him $475 per hour; here he seeks $395 per hour. See
19 generally Bacon Decl. Importantly, Defendant does not suggest that either Plaintiff's hourly
20 rate or his time spent on the case is excessive. Considering all of the relevant factors, the
21 Court concludes that Plaintiff is entitled to the $12,461.20 spent opposing the motion for
22 judgment on the pleadings, a motion that multiplied the proceedings
23 //

---

[3] In determining whether fees are reasonable, courts consider: (1) the time and labor necessary to perform the task; (2) the novelty and difficulty of the issues; (3) the skill required to perform the task; (4) the inability to accept other employment while performing the task; (5) the customary fee; (6) whether the fee was contingent or fixed; (7) time limitations; (8) the amount at stake and the results obtained; (9) the experience and reputation of the attorneys; (10) the undesirability of the case; (11) the attorney's relationship with the client; and (12) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated in part by Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1546 n.4 (9th Cir.1992), vacated on other grounds on denial of reh'g by 984 F.2d 345 (9th Cir.1993).

1 | in this case unreasonably and vexatiously.  See 28 U.S.C. § 1927.
2 |       Accordingly, the Motion is GRANTED.
3 | **IT IS SO ORDERED.**



Dated: August 9, 2016

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE